UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23039-BLOOM/Louis

GLORIA LOTERO-DIAZ,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss, ECF No. [10] ("Motion"). Plaintiff filed a response in opposition, ECF No. [11] ("Response"), to which Defendants filed a reply, ECF No. [15] ("Reply"). The Court has considered the Motion, the opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

This action arises out of Defendants' alleged willful violation of Plaintiff's rights during immigration removal proceedings nearly twenty years ago. Plaintiff alleges that Defendants' agency predecessor[1] withheld from Plaintiff and the Immigration Court "exculpatory evidence" relating to Plaintiff's June 29, 2001 admission into the country. Plaintiff now seeks declaratory and injunctive relief with the ultimate goal of enjoining Defendants from executing a final order of removal. *See* ECF No. [1] at ¶¶ 5, 47, 59, 66, 70, 76, Wherefore clause c.

---

[1] Plaintiff alleges that the Department of Homeland Security ("DHS") is the "successor agency" to Legacy INS. ECF No. [1] at ¶ 49.

Case No. 1:20-cv-23039-BLOOM/Louis

According to the Complaint, Plaintiff is a Colombian citizen and native who applied for admission to the United States on a B1/B2 visitor's visa. *Id.* at ¶ 48. A B1/B2 visa is a nonimmigrant visa for persons that seek to enter the United States temporarily for business and tourism purposes.[2] On June 29, 2001, Plaintiff arrived on an international flight to San Juan, Puerto Rico with a B1/B2 visa. *Id.* at ¶¶ 7-8. An inspecting Legacy INS official stamped her passport with an admissions stamp, created a Form I-94 record[3] of alien admission, and stamped that document and a Customs Declaration Form. *Id.* at ¶¶ 9-12. At some point later, but before Plaintiff departed the airport, Legacy INS detained Plaintiff and processed her for expedited removal pursuant to 8 U.S.C. § 1225. *Id.* at ¶¶ 13-14. Legacy INS seized and impounded Plaintiff's passport, which contained the admission stamp and the stamped Form I-94. *Id.* at ¶ 15.

In response to a "credible fear interview" relating to her purported fear of returning to Colombia, Plaintiff was then paroled into the United States for an asylum hearing and served with a Notice to Appear ("NTA") at the Immigration Court in San Juan. *Id.* at ¶¶ 16-18. Legacy INS charged Plaintiff as an arriving alien inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* at ¶¶ 19-21. On September 11, 2001, at an immigration removal proceeding, Legacy INS argued that Plaintiff had a "cancelled visa because of a prior overstay," and the Immigration Judge ordered the parties to file their evidence for a subsequent contested

---

[2] *Visitor Visa*, U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/us-visas/tourism-visit/visitor.html (last visited December 15, 2020).

[3] "Form I-94 is the DHS arrival/departure record issued to aliens who are admitted to the U.S., who are adjusting status while in the U.S. or extending their stay, among other uses. A CBP officer generally attaches the I-94 to the non-immigrant visitor's passport upon U.S. entry. The visitor must exit the U.S. on or before the departure date stamped on the I-94." *I-94 Automation Fact Sheet*, U.S. Customs and Border Patrol, https://www.cbp.gov/sites/default/files/assets/documents/2016-Mar/i-94-automation-fact-sheet.pdf (last visited December 15, 2020).

removal hearing. *Id.* at ¶¶ 22, 24. According to Plaintiff, she conceded removability on March 5, 2002, and proceeded with an asylum application beause she was "without any proof of admission" given that Legacy INS "did not file and did not acknowledge the evidence of Plaintiff's admission in its custody." *Id.* at ¶¶ 25-26. On March 5, 2002, the Immigration Judge found that Plaintiff failed to establish that she was entitled to be admitted into the country, and she later received an administrative final order of removal in 2008 when the Board of Immigration Appeals ("BIA") dismissed her appeal. *Id.* at ¶¶ 27-28. She has yet to be removed despite "several threats" by DHS. *Id.* at ¶ 29.

On December 19, 2016, Plaintiff filed a Form I-485[4] with the United States Citizenship and Immigration Services ("USCIS") seeking a status adjustment as the spouse of a Cuban refugee. *Id.* at ¶ 30. USCIS accepted jurisdiction on the premise that Plaintiff was a paroled arriving alien rather than an admitted alien, but took no further action beyond interviewing Plaintiff and her husband. *Id.* at ¶¶ 32-33. However, in 2019, DHS served Plaintiff with a plan of action intending to execute the removal order on December 24, 2019, but extended the removal date by one year because of her pending USCIS application. *Id.* at ¶¶ 34, 36.

On February 22, 2020, DHS served Plaintiff with a Notice of Intent to Deny ("NOID") her Form I-485 application and set July 22, 2020 as her deadline to respond to the NOID. *Id.* at ¶¶ 38, 41. The Complaint alleges that in response to a FOIA request, Plaintiff has now "discovered, for the first time, evidence of her lawful admission to the United States on July 29, 2001," which evidence demonstates that she was "not an arriving alien and wrongfully charged in her removal proceedings[.]" *Id.* at ¶ 42. Since discovery of this alleged evidence, Plaintiff has sought to reopen

---

[4] Form I-485 is an application to register permanent residence or adjust status. *I-485, Application to Register Permanent Residence or Adjust Status*, U.S. Citizenship and Immigraiton Services, https://www.uscis.gov/i-485 (last visited December 15, 2020).

her removal proceedings with the BIA and has responded to the NOID "questioning [DHS'] jurisdiction and its authority to continue adjudicating her application for adjustment of status considering the evidence that she is not an arriving alien." *Id.* at ¶¶ 43-44. Plaintiff maintains that she faces removal if her application for adjustment of status is denied and her removal order is not reopened. *Id.* at ¶ 47.

The Complaint asserts three counts: violation of 8 U.S.C. § 1361 (Count I); violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2) (Count II); and deprivation of due process under the Fifth Amendment (Count III). In each count, Plaintiff requests the Court declare the removal order to be unlawful and enjoin Defendants from executing the removal order. *Id.* at ¶¶ 66, 70, 76. Defendants now move to dismiss the Complaint in its entirety for lack of subject matter jurisdiction, or alternatively, for failing to state a claim upon which relief can be granted. They contend that the Complaint is a "plain challenge" to Defendant's "execution of a removal order and action to adjudicate a removal order," and that Plaintiff was not admitted by virtue of a passport stamp, which supposed "exculpatory evidence" "did not change Plaintiff's removability." ECF No. [10] at 1-2. They make three overarching arguments. First, the mandamus statute, 28 U.S.C. § 1361, and the APA do not provide independent bases for the Court's subject matter jurisdiction. *Id.* at 3-4. Second, 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) strip the Court of jurisdiction to review challenges to Plaintiff's removal. *Id.* at 4-10. And third, even if the Court had subject matter jurisdiction, the Complaint fails to show that Plaintiff was admitted into the United States in June 2001, and thus no violation of her due process rights occurred. *Id.* at 10-12.

Plaintiff responds that the Court has subject matter jurisdiction and the Complaint alleges adequate claims. ECF No. [11]. She contends that Defendant misconstrues the Complaint because she only seeks judicial review of Defendants' alleged wrongful withholding of evidence subject to mandatory disclosure under 8 U.S.C. § 1361. *Id.* at 1-2. Plaitiff makes five general arguments: (1)

4

Congress specifically provided for this Court's jurisdiction to enjoin execution of unlawfully obtained removal orders; (2) the petition for removal process set forth in 8 U.S.C. § 1252(a) does not apply to prosecutorial misconduct; (3) Defendants' alleged withholding of evidence has "at best a tangentional relationship" with Plaintiff's pending removal proceedings; (4) Plaintiff does not seek review of any decision by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders; and (5) Plaintiff alleges sufficient facts to establish violations of 8 U.S.C. § 1361, the APA, and due process. *Id.* at 2-9.

Defendants reply that 8 U.S.C. § 1252(f)(2) does not confer independent subject matter jurisdiction but rather addresses the evidentiary standard required to enjoin an alien's removal, the jurisdiction stripping provisions of 8 U.S.C. § 1252 apply, and that Plaintiff fails to state a claim because a stamped passport or I-94 form are "irrelevant" given that neither item would change her status for admissibility into the country. ECF No. [15].

The Motion, accordingly, is ripe for consideration.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct.

1937 (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955; *see Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937).

A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and the attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (*citing Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). "[W]hen the exhibits contradict the general and conclusory

allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

### B.      Rule 12(b)(1)

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F.Supp.2d 1255, 1256–57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"In assessing the propriety of a motion for dismissal under Fed. R. Civ. P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991). As such, "[w]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56.'" *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x. 879, 880 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

It is through these lenses that the Court considers the Motion and the parties' arguments.

## III.   DISCUSSION

Determining whether Defendants are entitled to dismissal of the Complaint raises two overarching issues. The first is whether the Court has subject matter jurisdiction over the instant case. If so, then the Court considers whether Plaintiff states claims upon which relief can be granted. Upon review, the Court agrees with Defendants that Plaintiff's claims come within the plain language of the jurisdiction stripping provisions of the Immigration and Nationality Act, 8 U.S.C. § 1252. Accordingly, because the first issue is dispositive, the Court need not address the sufficiency of Plaintiff's claims.

### A.   8 U.S.C. § 1252(a)(5)

Federal courts are courts of limited jurisdiction, deriving their authority from both constitutional and legislative sources. *See* U.S. Const. Art. III; 28 U.S.C. § 1331; *Keene Corp. v. United States*, 508 U.S. 200, 207-08, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). It is exclusively the power of Congress to restrict the jurisdiction of federal courts to adjudicate certain kinds of cases. *See Keene Corp.*, 508 U.S. at 207, 113 S.Ct. 2035. With respect to immigration cases, challenges to removal orders or deportation are reviewable only by the appropriate court of appeals, not by a federal district court. *See REAL ID Act.* Pub. L. No. 109-13, 119 Stat. 302 (May 11, 2005). In this regard, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)." 8 U.S.C. § 1252(a)(5).[5]

---

[5] Plaintiff does not assert, and the Court does not find, that subsection (e) applies.

Plaintiff argues that Defendants' prior conduct prevented her from "honestly litigating the issues surrounding her application for admission in removal proceedings," "create[d] a skewed and partial narrative that only supported Defendants' Notice to Appear," "prevented Plaintiff from making a *prima facie* case for admission and doom[ed] the proceedings," and has now "forced her to litigate her currently pending adjustment of status application from an artificially unfavorable posture" as an arriving alien. ECF No. [11] at 5, 8. While Plaintiff alleges that she is not seeking review of her removal order but rather only review of DHS' conduct "within those proceedings," she fails to persuade the Court that this supposed distinction places this case substantively beyond the reach of § 1252(a)(5). *See, e.g.*, *Codina v. Chertoff*, No. CIV.06-4048(JNE/FLN), 2007 WL 1582670, at *4 (D. Minn. May 30, 2007), *aff'd*, 283 F. App'x 432 (8th Cir. 2008) ("Although Petitioner argues that 'the assertion as to the legal and facial invalidity of the removal order is not raised here . . . for the purpose of challenging the removal order' the fact remains that this Court must necessarily determine the validity of the removal order to entertain Petitioner's argument.").

As Defendants note, the "core" of Plaintiff's suit is that Defendants "violated the law during the process of adjudicating her removal," which in turn makes her removal unlawful. ECF No. [10] at 4. Throughout the Complaint, the relief Plaintiff requests is to invalidate her removal order by declaring Defendants' alleged conduct during her removal proceedings to be illegal, a wanton violation of her statutory and constitutional rights, declare that she was admitted on June 29, 2001 and is not an arriving alien, and consequently, to ultimately enter an injunction barring DHS from executing the final order of removal. ECF No. [1] at ¶¶ 4, 5, 59, 66, 70, 76, wherefore clauses b and c. The Court is without jurisdiction to grant Plaintiff the relief she requests. *See* § 1252(a)(5); *Giorgobiani v. Field Office Dir., ICE Miami Field Office*, No. 19-CV-61535, 2019 WL 2617001, at *2 (S.D. Fla. June 25, 2019) (dismissing petition seeking injunctive relief staying removal from the United States because the Court lacked jurisdiction under various provisions of

8 U.S.C. § 1252); *Codina*, 2007 WL 1582670, at *4-6 (explaining that the court lacked jurisdiction regarding whether the Notice to Appear incorrectly classified petitioner as an "arriving alien" as this "squarely challenges the removal order" because "[i]f the Notice to Appear is invalid, then, necessarily, the removal order would also be invalid," and stating that "[w]hether or not Petitioner is a permanent resident is a removal determination and the REAL ID Act prevents this Court from hearing this claim. This is a challenge to the removal order because it requires this Court to determine whether Petitioner has the right of lawful presence in the United States; a decision that has already been determined by the issuance of the removal order."). The Motion, accordingly, can be granted on this statutory basis alone.

### B.     8 U.S.C. § 1252(b)(9)

Section 1252(b)(9), Title 8, United States Code, provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

*Id.*

Plaintiff contends that § 1252(b)(9), the "zipper clause," is inapplicable because it "only affects cases that 'involve[] review of an order of removal" and does not present a jurisdictional bar where those bringing suit are "not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." ECF No. [11] at 5 (quoting *Canal A Media Holding, LLC v. United States Citizenship & Immigration Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020)). Plaintiff adds that the statute is interpreted narrowly and is not

10

intended to "cut off claims that have a tangential relationship with pending removal proceedings." *Id.* (quoting *Canal A Media Holding, LLC*, 964 F.3d at 1257). The Court is unconvinced.

Although Plaintiff maintains that she is not challenging the removal order itself but rather only the alleged prosecutorial misconduct that occurred during her removal proceedings, this distinction is immaterial. *Codina*, 283 F. App'x at 433 ("To the extent Codina's petition challenged her detention based on alleged procedural and clerical flaws in her removal proceedings, it essentially challenged her removal order, which the district court lacked jurisdiction to review[.]"). If the removal proceedings were conducted unlawfully and in violation of Plaintiff's rights, as alleged, by implication the removal order is affected and at issue as it is a necessary byproduct of the supposedly tainted removal proceedings. In other words, the removal order and the removal proceedings are two sides of the same coin. Accordingly, the Court does not agree that the challenged government actions bear a "tangential relationship" with the removal proceedings.[6]

As the Complaint makes clear, the relief Plaintiff seeks directly attacks and undermines the removal order, declares it to be unlawful (and the removal proceedings to be the product of Defendants' "flagrant violations" of law and "misleading" of the Attorney General), and enjoins Defendants from executing the removal order. Plaintiff expressly alleges that the "entry and execution of Plaintiff's removal order is prohibited as a matter of law," the removal order is "premised on legal errors, deceit, and affirmative violations of law," had Defendants disclosed the

---

[6] The Court agrees with Defendants that *Canal A Media Holdings, LLC*, 964 F.3d 1250, is distinguishable because, unlike here, plaintiffs challenged the denial of a petition for a work visa rather than the separate removal proceedings (that were predicated on overstaying an existing visitor visa), which had yet to produce a removal order given a pending asylum application before the Immigration Court. In fact, *Canal A Media Holdings, LLC* actually supports Defendants' arguments because the Eleventh Circuit Court of Appeals explains that a "claim [under the zipper clause] only 'arise[es] from' a removal proceeding when the parties are 'challenging . . . removal proceedings.'" *Id.* at 1257. By seeking relief here based entirely on alleged misconduct at the removal proceedings, Plaintiff asserts claims that fall directly under § 1252(b)(9).

evidence at issue Plaintiff "could not have been found removable as charged," and that the NTA "was unsustaintable as a matter of fact and law at the time of its entry." ECF No. [1] at ¶¶ 59, 64, 65, 75. Thus, no matter how framed, Plaintiff lodges a legal challenge to the removal order *and* the removal proceedings, which the Court is without jurisdiction to entertain. The Motion, accordingly, can be granted on this independent statutory basis.

### C. 8 U.S.C. § 1252(g)

Section 1252(g), Title 8, United States Code, directs that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

*Id.*

This statute applies to "three discrete actions," and when "asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC*, 964 F.3d at 1257-58 (citation omitted). Plaintiff maintains that this section is inapplicable because he does not challenge the Attorney General's decision to commence, adjudicate, or execute Plaintiff's removal order. ECF No. [11] at 7. In his view, even though he requests the Court to "deprive Defendants of the illicit fruits of their violation and prevent them from executing Plaintiff's removal order," that does not "transmute" his claim as "one against the Attorney General's execution of the removal order." *Id.* The Court is unconvinced.

"Simply put, a rose by any other name is still a rose. Congress' clear intention was to divest district courts' jurisdiction with respect to removal orders. Labeling the petition as a writ of habeas corpus (or another legal construct) is a valiant effort by good attorneys to confer jurisdiction upon this Court. Unfortunately for Petitioners, clever lawyering is not enough for this Court to disregard

12

what is clear Congressional intent." *Sanchez-Farge v. Mukasey*, No. 08-60644-CIV-MORENO, 2008 WL 2096375, at *1 (S.D. Fla. May 13, 2008) (denying motion for reconsideration that attempted to "sidestep the jurisdictional bars set forth in 8 U.S.C. § 1252(a) and (g)" by "indirectly attack[ing] the removal order" through "couch[ed]" language designed to "circumvent" those sections). As noted above, each count of the Complaint requests the Court to enjoin Defendants from executing Plaintiff's removal order. Such a request "falls directly within the ambit of the discrete actions the Supreme Court has held are precluded from judicial review." *Sanabria v. Chertoff*, No. 08-20666-CIV, 2008 WL 11333503, at *6 (S.D. Fla. May 22, 2008) (granting motion to dismiss for lack of jurisdiction under § 1252(g) where plaintiff sought to "run around the administrative scheme by recharacterizing his claim as a request for status adjustment when he is actually seeking to enjoin the removal order"). Indeed, attacking the execution of the removal order is the "heart" of Plaintiff's "comprehensive range of claims[.]" *Sanchez-Farge*, 2008 WL 2096375, at *3. Because the Court lacks jurisdiction over this matter based on this separate statutory section, the Motion is due to be granted.

### D. Plaintiff fails to show independent subject matter jurisdiction

"Plaintiff bears the burden of proving the existence of subject matter jurisdiction." *Desporte-Bryan v. Bank of Am.*, 147 F. Supp. 2d 1356, 1360 (S.D. Fla. 2001). Because federal courts are "courts of limited jurisdiction," it is "to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

In the Complaint, Plaintiff alleges that the Court has subject matter jurisdiction based on Article III of the United States Constitution; federal question jurisdiction under 28 U.S.C. § 1331; 8 U.S.C. § 1252(f); the Mandamus Statute, 28 U.S.C. § 1331; and the All Writs Act, 28 U.S.C. § 1651. ECF No. [1] at ¶¶ 55, 59. Upon review, Plaintiff fails to carry his burden to show that the

Court has independent subject matter jurisdiction in this case that extends beyond the jurisdiction stripping provisions of 8 U.S.C. § 1252.

"APA, mandamus, and declaratory jurisdiction are precluded by the jurisdiction-stripping provisions of the Immigration and Nationality Act." *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) (holding that § 1252 "bars review of orders of removal in a district court" and neither the Mandamus Statute, the APA, nor the federal question statute "provided a basis for district court jurisdiction" where appellant "attempt[ed] to evade the bars in 8 U.S.C. § 1252 by characterizing his claim as a challenge not to his removal, but rather to the INS' rescission decision" but which "in substance" "seeks review of his order of removal" by seeking a stay of removal and litigating "whether he was appropriately found removable"). Similarly, neither the All Writs Act nor the Constitution confer jurisdiction where, like here, Plaintiff purports to challenge "the process rather than the ultimate outcome" of the removal order and proceedings. *Vasquez Monroy v. Dep't of Homeland Sec.*, 396 F. Supp. 3d 1206, 1209 (S.D. Fla. 2019) (granting motion to dismiss where plaintiffs' claims "fundamentally arise from the removal decisions" where plaintiffs argued they challenged the "validity of the procedures employed in making" removal decisions rather than the removal decisions themselves); *Sanchez-Farge*, 2008 WL 2096375, at *3 (holding no jurisdiction under the Constitution, Immigration and Nationality Act, the APA, Mandamus Statute, federal question statute, the Declaratory Judgment Act, or the All Writs Act where plaintiff attempted to "indirectly attack the removal order").

Further, while Plaintiff contends that Congress specifically provided for jurisdiction under 8 U.S.C. § 1252(f)(2),[7] ECF No. [11] at 2-3, Plaintiff fails to provide any authority that that

---

[7] "Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." *Id.*

14

provision extends subject matter jurisdiction to this Court, excepting it from the jurisdiction stipping provisions in § 1252. In fact, in both cases where other courts suggested that "an argument can be made that in very limited circumstances a district court may have jurisdiction to enjoin the removal of an alien," those "limited circumstances" were not elaborated upon nor found to be present. Rather, both courts expressly acknowledged that "Congress has made it clear that only an 'appropriate court of appeals' can provide" the requested relief. *See Lamy v. Acosta*, No. 18-CV-20684, 2018 WL 1399184, at *1 (S.D. Fla. Feb. 26, 2018), *report and recommendation adopted*, 2018 WL 1394177 (S.D. Fla. Mar. 19, 2018); *Watson v. Stone*, No. 4:13-CV-480 CDL, 2013 WL 6072894, at *2 (M.D. Ga. Nov. 18, 2013).

Finally, to the extent any alleged due process claims are actionable, the Eleventh Circuit Court of Appeals is the proper forum to present those claims. *See Lubowa v. U.S. Atty. Gen.*, 315 F. App'x 123, 126-27 (11th Cir. 2008) (holding that Court of Appeals had jurisdiction to consider alien's claims that his due process rights were violated during removal proceedings) (citing 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."); *Ivantchouk v. U.S. Atty. Gen.*, 417 F. App'x 918, 921 (11th Cir. 2011) (holding that "[t]o the extent" plaintiff's claims for alleged violation of due process in removal proceedings "are reviewable, they constitute a statutory and constitutional challenge to her final removal order and, thus [plaintiff] was required to pursue her claims in a timely petition for review in this Court") (citing 8 U.S.C. § 1252(a)(5)). Therefore, the Court lacks independent subject matter jurisdiction over the Complaint.

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 1:20-cv-23039-BLOOM/Louis

1. The Motion, **ECF No. [10]**, is **GRANTED**.

2. The Complaint, **ECF No. [1]**, is **DISMISSED** *with prejudice*.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 22, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record